

# The Attorney General of Texas

July 7, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable H. S. Harris, Jr., Chairman
Texas Industrial Accident Board
LBJ State Office Building
Austin, Texas 78711

Opinion No. MW-202

Re: Release of worker's compensation claim files to certain governmental agencies.

Dear Mr. Harris:

You ask what information, if any, the Texas Industrial Accident Board may make available from worker's compensation claim files to certain federal and state agencies. The United States Treasury Department seeks information regarding the income of claimants' attorneys. The State Bar of Texas inquires regarding the conduct of attorneys. The Texas Department of Human Resources inquires regarding welfare fraud, and the United States Social Security Administration wishes to have information about the awards claimants receive so that social security benefits might be integrated with them. The Occupational Safety Board of the State Department of Health also seeks information.

In 1977 the Texas Legislature amended the workmen's compensation law by adding section 9a to article 8307, V.T.C.S., specifying in part:

> (a) Information in a worker's claim file is confidential and may not be disclosed except as provided in this section.
>
> (b) If there is a . . . claim . . . open or pending . . . or on appeal . . . or. . . the subject matter of a subsequent suit where the carrier is subrogated . . . the information shall be furnished as provided in this section. . . . The Board will furnish the requested information . . . only to the following:
>
> (1) the claimant;
> (2) the attorney for the claimant;
> (3) the carrier;
> (4) the employer at the time of the current injury;
> (5) third-party litigants; or
> (6) the State Board of Insurance.

> A third-party litigant ... is entitled to the information without regard to whether ... the ... claim is still pending.

> (c)    All information of the Industrial Accident Board concerning any person who has been finally adjudicated to be a fraudulent claimant as provided in this section is not confidential. ...

(Emphasis added). Other provisions allow the board to release limited information to employers interviewing job applicants that have a multiple-claim history if written authorization from the employee is obtained. The act makes it the duty of the Attorney General to investigate allegations of fraud relating to a claim, specifying that the Attorney General is to "cooperate with professional grievance committees, law enforcement officials, the Industrial Accident Board, and other state agencies in the investigation and prosecution of fraudulent practices." Legislative committees can obtain information to use for legislative purposes. Id., V.T.C.S., art. 8307, subsections (d), (e)(1), (l). Of noteworthy importance is a somewhat ambiguous provision, subsection (m), which provides:

> (m)    Any information pertaining to a ... file which is confidential by virtue of ... this Act shall retain such confidentiality when released to any investigative, legislative, or law enforcement agency including the attorney general, district attorneys, grand juries, or legislative committees.

It also makes criminal the furnishing or receipt of such information to or by persons not entitled to get it directly from the board, but the act allows release of any information in *statistical form not disclosing names or identities.* Id., V.T.C.S., art. 8307, sub sec. (n).

This 1977 statute reflects legislative reaction to a Texas Supreme Court decision in 1976, Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 668 (Tex. 1976). The court held that in the absence of a statute making them confidential, the claim files of injured workers were ordinarily available to anyone under the state's Open Records Act, article 6252-17a, V.T.C.S. See also Attorney General Open Records Decision No. 8 (1973).

The initial provisions of section 9a clearly limit claim file information to certain persons and state agencies only, and then in certain situations only — i.e., when a claim is being prosecuted or is otherwise involved in litigation, and when a prospective employer secures authorization from the claimant. Because one of the purposes of the act is to uncover and punish fraud, however, see Attorney General Opinion H-1194 (1978), it is argued that the statute makes such information available to any governmental agency investigating any type of fraud, whether the suspected fraud relates to the worker's compensation claim file at issue or not. It is argued that subsection (m) implies as much.

We cannot agree that the "investigation" provision is so broad. Subsections (e) and (g) of the statute read in part:

(e)(1) The attorney general shall promptly investigate any allegation of fraud . . . relating to any claim. In order to carry out the requirements of this section, the attorney general is vested with complete power to investigate and prosecute any and all allegations of fraudulent claim practices which may be submitted to the Board or . . . uncovered through the attorney general's own efforts. The attorney general shall cooperate with professional grievance committees, law enforcement officials, the Industrial Accident Board, and other state agencies in the investigation and prosecution of fraudulent practices. It shall be the responsibility of the attorney general to prosecute those cases in which he finds the reasonable probability that acts of fraud exist before all hearings of the Board or on appeal from the determination of such hearings.

. . . .

(e)(3) If the Attorney General finds that a reasonable probability of fraud exists, the attorney general shall request a hearing and the Board shall set the matter for hearing. . . .

. . . .

(g) After this hearing, . . . [i]f the Board determines that the claimant has been fraudulent in any or all of his claims for compensation, the Board shall then classify that claimant as a fraudulent claimant. . . . If the Board determines that any other person except an employer under investigation has been fraudulent in connection with a claim for compensation, the Board may . . . report its findings to the appropriate professional grievance committee, law enforcement officials, or other state agencies for prosecution, or both. . . .

(Emphasis added).

It is quite clear that the only "fraudulent practices" the act seeks to discover and punish are those relating to claims for compensation cognizable by the Industrial Accident Board. The direction that the attorney general "cooperate" with other agencies or professional associations — or that files, when "released" to them, retain their confidentiality — looks to the time such claims have been determined by the board to be tainted with fraud and thereafter referred by the board to such agencies or associations.

Although the State Board of Insurance may be given claim file information when a claim is being prosecuted or is otherwise in litigation, and other agencies in their roles as employers may obtain certain information upon written authorization, see V.T.C.S. art. 8309g, S 15(b), no agency other than the Attorney General is to be given access to a claim file in order to "investigate" fraudulent practices unless the board has determined that worker's compensation fraud exists with respect to such claims and refers the matter to selected agencies or associations for prosecution. Moreover, only those agencies which could have obtained the material directly from the board may be given access to it thereafter.

Absent a court order, there are no paramount federal laws which would require the release of such information to the federal agencies seeking it, and there are no state laws which require its release to the state agencies. Statistical information, of course, is available to the Occupational Safety Board and others. V.T.C.S. arts. 5182, SS 14, 15; 8307, S 9a(n).

We conclude you may not divulge any information, other than nonidentifying statistical information, in any worker's compensation file to any of the agencies named unless the board has determined that fraud exists with respect to such claims and that the agencies named are the appropriate ones to prosecute or discipline the wrongdoers.

### SUMMARY

The Texas Industrial Accident Board may not divulge any information other than nonidentifying statistical information, in any worker's compensation claim file to certain federal or state agencies unless the board determines that fraud exists with respect to such claims and that those agencies are the appropriate ones to prosecute or discipline the wrongdoers.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Bob Gammage
Sue Lowe
Bruce Youngblood